IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| US FOODS, INC., <br><br>        Plaintiff, <br>   v. <br><br>SRG SOUTH HILLS, LLC d/b/a BRGR – SOUTH HILLS; SRG DOWNTOWN, LLC d/b/a – BRGR DOWNTOWN; SRG STATE COLLEGE, LLC d/b/a BRGR – STATE COLLEGE; STACKMAN, LLC d/b/a WILLOW; SRG EASTSIDE, LLC d/b/a BRGR – EASTSIDE; and STERN ALTOONA ENTERPRISES, INC. d/b/a MANOR THEATER, <br><br>        Defendants. | Civil Action No. 1:21-cv-06915 <br><br>Judge Ronald A. Guzman <br>Magistrate Young B. Kim |

## ANSWER AND AFFIRMATIVE DEFENSES

AND NOW, come the Defendants, SRG South Hills, LLC d/b/a BRGR – South Hills, SRG – Downtown, LLC d/b/a BRGR – Downtown, SRG State College, LLC d/b/a BRGR – State College, Stackman, LLC d/b/a Willow; SRG Eastside, LLC d/b/a BRGR – Eastside, and Stern Altoona Enterprises, Inc. d/b/a Manor Theater, by and through their undersigned Counsel, and file the within Answer and Affirmative Defenses:

### THE PARTIES

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

    4.    Admitted.

5. Admitted in part and denied in part. Willow was located at 634 Camp Horne Road, Pittsburgh, PA 15237. However, Willow is no longer an active business, and it is now located at 94 South 13th Street, Pittsburgh, PA 15203.

6. Admitted.

7. Admitted in part and denied in part. Manor Theater is a corporation with its principal place of business at 1729 Murray Ave, Pittsburgh, PA 15217.

## JURISDICTION AND VENUE

8. It is admitted that the Circuit Court of Cook County, Illinois had jurisdiction over this case. However, this case has been removed by the Defendants to the United States District Court for Northern District of Illinois.

9. It is admitted that the Circuit Court of Cook County, Illinois had jurisdiction over this case. However, this case has been removed by the Defendants to the United States District Court for Northern District of Illinois.

10. It is admitted that venue in the Circuit Court of Cook County, Illinois was appropriate. However, this case has been removed by the Defendants to the United States District Court for Northern District of Illinois.

## GENERAL ALLEGATIONS

11. Admitted.

12. Admitted.

13. Denied to extent Plaintiff's characterization of the Credit Applications deviates from their plain language, as the Credit Applications are written documents which speak for themselves.

14. Denied to extent Plaintiff's characterization of the Credit Applications deviates from their plain language, as the Credit Applications are written documents which speak for themselves.

15. Denied to extent Plaintiff's characterization of the Credit Applications deviates from their plain language, as the Credit Applications are written documents which speak for themselves.

16. Denied to extent Plaintiff's characterization of the Credit Applications deviates from their plain language, as the Credit Applications are written documents which speak for themselves.

17. Denied to extent Plaintiff's characterization of the Credit Applications deviates from their plain language, as the Credit Applications are written documents which speak for themselves.

18. Denied to extent Plaintiff's characterization of the Credit Applications deviates from their plain language, as the Credit Applications are written documents which speak for themselves.

19. Admitted.

20. Denied to extent Plaintiff's characterization of the Master Distribution Agreement deviates from its plain language, as the Master Distribution Agreement is a written document which speaks for itself.

21. Denied to extent Plaintiff's characterization of the Master Distribution Agreement deviates from its plain language, as the Master Distribution Agreement is a written document which speaks for itself.

22. Denied to extent Plaintiff's characterization of the Master Distribution Agreement deviates from its plain language, as the Master Distribution Agreement is a written document which speaks for itself.

23. Admitted in part. The invoices sent by US Foods to Defendants are written documents which speak for themselves.

24. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

25. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded. By way of further response, the table included in paragraph 25 of the Complaint includes amounts allegedly owed by parties which are not part of this action, namely BRGR-Shadyside and BRGR-Food Truck.

26. Admitted in part. It is admitted that a document is attached to the Complaint as Exhibit C. However, Defendants lack knowledge or information sufficient to form a belief about whether the document is a "true and correct copy" and whether the alleged accounting is an accurate representation of amounts due under the Master Distribution Agreement. Accordingly, said averments are denied and strict proof thereof is demanded. By way of further response, it is believed and therefore averred that Plaintiff has failed to credit all payments made by Defendants.

27. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied

and strict proof thereof is demanded. By way of further response, Defendants believe and therefore aver that Plaintiff has failed to credit all payments made by Defendants.

28. Denied to extent Plaintiff's characterization of the Master Distribution Agreement deviates from its plain language, as the Master Distribution Agreement is a written document which speaks for itself.

29. Denied as stated. Plaintiff paid five of the Defendants each a signing incentive.

30. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded. By way of further response, Defendants were unable to maintain the requisite purchase volume as a result of Plaintiff's refusal to supply additional goods and services to Defendants, which refusal constitutes a breach of the parties' agreement.

31. Admitted in part. The letter sent by US Foods to Defendants is a written document which speaks for itself.

32. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

## COUNT I
## BREACH OF CONTRACT

33. Defendants hereby incorporate paragraphs 1 through 32 above as if set for the in their entirety.

34. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

35. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

36. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

37. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

38. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

39. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

40. Admitted.

41. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

42. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded. By way of further response, each Defendant herein submitted a separate Credit Application to Plaintiff. Thereafter, each Defendant separately ordered and received goods and services from Plaintiff. Defendants believe, and therefore aver, that Plaintiff maintained separate accounts for each Defendant, identified by a unique customer number for each Defendant. Plaintiff issued invoices to each Defendant, based on the goods and services delivered only to that Defendant. Accordingly, Plaintiff is barred from holding the Defendants jointly and severally liable for the total amount allegedly due.

43. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

44. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

45. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

## COUNT II
## BREACH OF CONTRACT – INCENTIVE PROVISION

46. Defendants hereby incorporate paragraphs 1 through 45 above as if set for the in their entirety.

47. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

48. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

49. Denied as stated. Plaintiff paid five of the Defendants each a signing incentive.

50. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded. By way of further response, Defendants were unable to maintain the requisite purchase volume as a result of Plaintiff's refusal to supply additional goods and services to Defendants, which refusal constitutes a breach of the parties' agreement.

51. Admitted in part. The letter sent by US Foods to Defendants is a written document which speaks for itself.

52. Admitted. By way of further response, Defendants deny they are obligated to refund any portion of the incentive payment.

53. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

54. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

55. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

56. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

## COUNT III
## ACCOUNT STATED
### (In the alternative to Count I)

57. Defendants hereby incorporate paragraphs 1 through 56 above as if set for the in their entirety.

58. Admitted.

59. Admitted in part. The invoices sent by US Foods to Defendants are written documents which speak for themselves.

60. Defendants lack knowledge or information sufficient to form a belief about Plaintiff's normal accounting procedures and whether invoices were sent in accordance with those procedures.

61. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

62. Admitted.

63. Denied to extent Plaintiff's characterization of Exhibit C deviates from its plain language, as the Exhibit C is a written document which speaks for itself.

64. Defendants lack knowledge or information sufficient to form a belief about Plaintiff's intent.

65. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

66. Admitted in part. The letter sent by US Foods to Defendants is a written document which speaks for itself.

67. Denied. Defendants have made substantial payments to Plaintiff since the demand letter was issued. However, it is believed and therefore averred that Plaintiff has failed to credit all payments made by Defendants.

68. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

69. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

**COUNT IV**
**GOODS SOLD**
**(In the alternative to Counts I and III)**

70. Defendants hereby incorporate paragraphs 1 through 69 above as if set for the in their entirety.

71. Admitted.

72. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

73. Admitted in part. The invoices sent by US Foods to Defendants are written documents which speak for themselves.

74. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

## COUNT V
## UNJUST ENRICHMENT
### (In the alternative to Counts I, III and IV)

75. Defendants hereby incorporate paragraphs 1 through 74 above as if set for the in their entirety.

76. Admitted.

77. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

78. Admitted.

79. Admitted.

80. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

81. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

82. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

83. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

**COUNT VI**
**QUANTUM MERUIT**
**(In the alternative to Counts I, III, IV and V)**

84. Defendants hereby incorporate paragraphs 1 through 83 above as if set for the in their entirety.

85. Admitted.

86. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

87. Admitted.

88. Admitted.

89. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

90. Admitted.

91. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

92. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

**COUNT VII**
**UNJUST ENRICHMENT**
**(In the alternative to Count II)**

93. Defendants hereby incorporate paragraphs 1 through 92 above as if set for the in their entirety.

94. Admitted.

95. Denied as stated. Plaintiff paid five of the Defendants signing incentives which total $250,000.00.

96. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

97. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

98. Admitted in part. The letter sent by US Foods to Defendants is a written document which speaks for itself.

99. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

100. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

101. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

102. The averments of this paragraph are conclusions of law for which no response is required. To the extent a response is required, said averments are denied and strict proof thereof is demanded.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Defendants and against the Plaintiff.

## **AFFIRMATIVE DEFENSES**

103. Defendants hereby incorporate paragraphs 1 through 102 above as if set for the in their entirety.

104. Plaintiff's claims are barred in whole or in part by the doctrines of laches, acquiescence, estoppel, waiver, justification and/or unclean hands.

105. Plaintiff's material breaches of the parties' agreement discharge Defendants of any obligations under the agreement.

106. Plaintiff's claims are barred due to a failure of consideration.

107. Plaintiff's claims are barred as a result of the Plaintiff's repudiation of the agreement.

108. Plaintiff's claims are barred by frustration of the agreement between the parties.

109. Plaintiff's claims are barred to the extent that Plaintiff has failed to credit all payments made by Defendants.

110. Each Defendant herein submitted a separate Credit Application to Plaintiff.

111. Thereafter, each Defendant separately ordered and received goods and services from Plaintiff.

112. Defendants believe, and therefore aver, that Plaintiff maintained separate accounts for each Defendant, identified by a unique customer number for each Defendant.

113. Plaintiff issued invoices to each Defendant, based on the goods and services delivered only to that Defendant.

114. Accordingly, Plaintiff is barred from holding the Defendants jointly and severally liable for the total amount allegedly due.

115. Plaintiff breached the parties' agreement by refusing to continue to supply goods and services to the Defendants.

116. As a result of the Plaintiff's breach, Defendants were unable to maintain the requisite purchase volume to retain the incentive provision.

117. Plaintiff, therefore, is barred from recovering the sums advanced as a one-time signing incentive.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Defendants and against the Plaintiff.

Date: January 31, 2022   Respectfully Submitted,

*/s/ Alexander L. Holmquist*
Robert O Lampl, *pro hac vice*
James R. Cooney, *pro hac vice*
Alexander L. Holmquist, *pro hac vice*
Robert O Lampl Law Office
Benedum Trees Building
223 Fourth Avenue, 4th Floor
Pittsburgh, PA 15222
(412) 392-0330 (phone)
(412) 392-0335 (facsimile)
Email: *aholmquist@lampllaw.com*

*/s/ Richard Hoffman*
Richard Hoffman (#6204295)
Cohen, Salk & Hoffman, P.C.
630 Dundee Road, Suite 120
Northbrook, IL 60062
(847) 480-8925 (phone)
(847) 480-7882 (facsimile)
Email: *rhoffman@cshlegal.com*

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| US FOODS, INC., | Civil Action No. 1:21-cv-06915 |
| Plaintiff, | |
| v. | Judge Ronald A. Guzman |
| | Magistrate Young B. Kim |
| SRG SOUTH HILLS, LLC d/b/a BRGR – SOUTH HILLS; SRG DOWNTOWN, LLC d/b/a – BRGR DOWNTOWN; SRG STATE COLLEGE, LLC d/b/a BRGR – STATE COLLEGE; STACKMAN, LLC d/b/a WILLOW; SRG EASTSIDE, LLC d/b/a BRGR – EASTSIDE; and STERN ALTOONA ENTERPRISES, INC. d/b/a MANOR THEATER, | |
| Defendants. | |

### **CERTIFICATE OF SERVICE**

I, Alexander L. Holmquist, hereby certify that on the 31st day of January, 2022, I served true and correct copies of the within **ANSWER AND AFFIRMATIVE DEFENSES** upon the following (*via electronic service*):

Peter J. Roberts
Corey T. Hickman
Cozen O'Connor
123 N. Wacker Drive, Suite 1800
Chicago, IL 60606
*Attorneys for Plaintiff*

 */s/ Alexander L. Holmquist*
 Alexander L. Holmquist